UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

Luria Greene, Debtor.

Case No. 23-30912-WAK
Chapter 7 Case

**CORNELL UNIVERSITY'S MOTION FOR ORDER MODIFYING THE AUTOMATIC STAY TO CONTINUE PENDING STATE COURT EVICTION PROCEEDING**

Cornell University ("Cornell"), by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby submits this Motion ("Motion") for an order modifying the automatic stay pursuant to § 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to permit Cornell to continue its eviction proceeding against Luria Greene (the "Debtor"), pending in the Ithaca Town Court, County of Tompkins (the "State Court"), under Index Number 23110075 (the "State Court Proceeding").[1] In support of this Motion, Cornell respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule-based predicates for the relief requested herein are section 362 of the Bankruptcy Code, Rule 4001 of the Bankruptcy Rules, and Rule 4001-1 of the Local Rules of Bankruptcy Procedure for the Northern District of New York (the "Local Rules").

[1] A copy of the verified petition ("Verified Petition") commencing the State Court Proceeding is attached hereto as ***Exhibit A***.

## BACKGROUND

4. On December 20, 2023 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, commencing the above captioned chapter 7 case (the "Chapter 7 Case"). Thereafter, William J. Leberman, Esq. was appointed chapter 7 trustee in the Debtor's case (the "Trustee").

5. Contemporaneously with the commencement of this Chapter 7 Case, on December 20, 2023, the Debtor's daughter (also named Luria Greene, hereinafter referred to as "Daughter"), filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, commencing a chapter 7 case bearing the case number 23-30913 (the "Daughter's Chapter 7 Case").

***License Agreement and State Court Proceeding***

6. Cornell is the owner of the real property located at 2102 Hasbrouck Apartments, Ithaca, Tompkins County, New York 14850-2669 (the "Premises"). As of the date of this Motion, the Debtor and Daughter both reside at the Premises.

7. Prior to the Petition Date, the Daughter, who at the time was a graduate student at Cornell, entered into a license agreement (the "License Agreement") with Cornell, whereby the Daughter would be allowed to reside in the Premises from July 1, 2022, to June 30, 2023, provided that the Daughter complied with certain eligibility requirements. Specifically, the License Agreement provided that in order for the Daughter to be eligible to reside in the Premises, the Debtor must be:

> registered as full time and maintain active status in a Cornell University academic-year special program; be participating in a University internship program; be an authorized employee/research assistant for a Cornell staff person/department; or be a University student employee authorized by Student & Campus Life ("SCL") to live in University housing . . . .

*See* Verified Petition, ¶ 7.

8. The License Agreement also provided that "family-partner housing," could be made available under the license for "[a] Cornell student who is a candidate for a graduate or professional degree at Cornell who is accompanied by another adult spouse, partner, or immediate relation." *See* Verified Petition, ¶ 10. At all relevant times, Debtor resided at the Premises pursuant to this language (or similar language from other academic years).

9. On February 15, 2023, the Daughter signed another license agreement for the 2023-2024 academic year ("<u>2023-2024 License</u>"), that had similar provisions regarding eligibility, and provided that "[t]he University may immediately revoke your Housing License . . . if . . . You cease to meet any of the eligibility requirements." *See* Verified Petition, ¶ 12-13.

10. However, on June 12, 2023, before the term of the 2023-2024 License began, the Daughter was withdrawn from her academic program and was no longer a student at Cornell University as of that date.

11. Accordingly, on June 21, 2023, Cornell advised the Daughter in writing that, because she was no longer a student at the university, the 2023-2024 License was revoked and she was not eligible to remain in the Premises during the 2023-2024 academic year. Notwithstanding the forgoing, in order to allow the Daughter (and Debtor) to find alternative living arrangements, Cornell advised the Daughter that they would be able to stay in the Premises until July 21, 2023. *See* Verified Petition, ¶ 18.

12. As of July 21, 2023, neither the Debtor or Daughter had communicated with Cornell or vacated the Premises, and despite Cornell's repeated requests to vacate, the Debtor and Daughter continued to remain living in the Premises.

13. Accordingly, on September 5, 2023, Cornell caused to be served a ten-day written notice to quit the Premises in accordance with applicable law, and on November 15, 2023,

Cornell commenced the State Court Proceeding against the Debtor. Although Cornell has not received payment for the Daughter's (or Debtor's) use of the Premises since June of 2023, Cornell did not seek unpaid rent in the State Court Proceeding, and instead, just sought a court order removing Debtor from the Premises.

**RELIEF REQUESTED**

14. By this Motion, Cornell respectfully requests the entry of an order (i) modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to the extent necessary, to permit Cornell to continue the prosecution of the State Court Proceeding; (ii) waiving the fourteen-day stay of the order terminating the automatic stay pursuant to Bankruptcy Rule 4001(a)(3); and (iii) granting such other relief as the Court deems just and proper.

**BASIS FOR RELIEF REQUESTED**

15. Cornell respectfully submits that the Court should modify the stay. Section 362(d) of the Bankruptcy Code governs relief from the automatic stay. Specifically, section 362(d) provides, in relevant part:

> the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1)-(2).

16. On June 21, 2023, Cornell issued a revocation of the 2023-2024 License, and on July 21, 2023, the License Agreement expired by its terms. Further, New York law provides that a license, unlike a lease, is merely a "personal, revocable and nonassignable privilege" to do one or more acts upon land without possessing any interest in the land. Rasch, 1 New York

Landlord & Tenant § 4:11 (Test) (5th ed.). As a result, the Debtor does not have an interest Premises and never did.

17. Accordingly, because the License Agreement expired prepetition and the 2023-2024 License Agreement was revoked prepetition (and because Debtor never had a possessory interest in the Premises anyway), the stay should be modified pursuant to section 362(d)(2). *See Matter of Owens*, 30 B.R. 399, 403 (Bankr. S.D.N.Y. 1983) ("There is no property of the estate to protect as the lease has expired of its own terms long before the commencement of the Chapter 11 case, [thus,] [t]he debtor can have no equity in an expired lease nor can it be considered necessary to an effective reorganization."); *see also In re Liggett*, 118 B.R. 213, 218 (Bankr. S.D.N.Y. 1990) ("The bankruptcy courts are consistent in holding that where a lease has been terminated, either by its own terms, by reason of default, or by judicial determination, prior to the filing of the petition, there is no further property interest of the debtor in the premises other than a de facto or technical possessory right, which is insufficient to warrant the continued protection of the automatic stay.").

18. Additionally, because this case is a chapter 7 case, the Court need not consider whether the property is needed for a reorganization. *See B.N. Realty Assocs. v. Lichtenstein*, 238 B.R. 249, 258 (S.D.N.Y. 1999) (holding that "[s]ince a Chapter 7 petition does not contemplate reorganization, the only issue in a Chapter 7 case under 362(d)(2) would be whether a tenant's lease gave him equity in the property."); *see also Powers v. American Honda Fin. Corp.*, 216 B.R. 95, 97 (N.D.N.Y 1997) (stating that "in a Chapter 7 liquidation case, effective reorganization is irrelevant" for the purposes of 362(d)).

19. In the alternative, Cornell respectfully submits that cause exists under section 362(d)(1). In determining whether "cause" exists under section 362(d)(1) of the Bankruptcy

Code to modify the automatic stay to allow litigation to proceed in another forum, the Second Circuit considers the following factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of the litigation; (11) whether the parties are ready for trial in the other proceeding; (12) [the] impact of the stay on the parties and the balance of harms.

*See Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280, 1286-87 (2d. Cir. 1990). Several of the *Sonnax* factors overlap, and not all of the factors will be relevant in every case, nor does a court need to assign equal weight to each factor. *See Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999); *In re New York Medical Group, P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

20. As set forth herein, cause exists in this case because the first, fourth, tenth, and twelfth *Sonnax* factors weigh in favor of the limited relief from the automatic stay requested by Cornell.

21. The first *Sonnax* factor supports the relief requested herein because modifying the automatic stay to allow the State Court Proceeding to continue will facilitate a complete resolution of the disputes among the parties.

22. Additionally, the fourth and tenth *Sonnax* factors support the relief requested herein because the State Court Proceeding solely involves issues related to New York non-

possessory real property law, involving the removal of a licensee who has no permission to remain on the Premises, which the State Court is especially equipped to adjudicate. There is no need to burden this Court with such issues that the State Court handles on a routine basis. Accordingly, the interests of judicial economy and the expeditious and economical resolution of the State Court Proceeding would be served by modifying the stay.

23. Moreover, the twelfth *Sonnax* factor supports the relief requested herein because the balance of the equities weighs in favor of Cornell. Cornell has a responsibility to create a supportive living and learning environment for tis students, and to foster a sense of community and facilitate student engagement in campus life. Allowing non-students to live in campus housing may disrupt the academic environment and could pose security risks or violate strict rules and regulations for student housing under applicable law. On top of that, as a 12-month operation, there is strong demand from graduate students for the Hasbrouck Apartment community. This is particularly the case for graduate students with families who have further challenges finding affordable properties that can accommodate a family in the local rental market. Accordingly, Cornell needs the Premises to house other graduate students and their families who are currently without university housing.

24. Finally, cause exists to waive the fourteen-day stay of any order terminating the automatic stay. Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of fourteen (14) days after the entry of the order, unless the court orders otherwise." The crux of the relief sought by Cornell is to expediently resolve issues surrounding the Premises. In light of the Daughter's non-payment and her failure to comply with eligibility requirements of the License Agreement, Cornell respectfully submits that it should be permitted

to effectuate any relief granted by the Court immediately, without the need to wait an additional 14 days.

25. Cornell has neither made nor submitted any prior application for the relief requested herein.

**WHEREFORE**, Cornell respectfully requests that the Court issue an Order (i) modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to the extent necessary, to permit Cornell to continue the prosecution of the State Court Proceeding; (ii) waiving the fourteen-day stay of the order terminating the automatic stay pursuant to Bankruptcy Rule 4001(a)(3); and (iii) granting such other relief as the Court deems just and proper.

Dated: January 12, 2024

BOND, SCHOENECK & KING, PLLC

/s/ Andrew S. Rivera

Stephen A. Donato (Bar Roll No. 101522)
Andrew S. Rivera (Bar Roll No. 700712)
One Lincoln Center Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
Emails: sdonato@bsk.com
arivera@bsk.com

*Counsel for Cornell University*